**Samuel BLUNT, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, New York City Police Department, State of New York, District Attorney's Office, Unknown Supervisor, Det. 3rd Brian Fleming, 2646, Det. Christopher Bastos, 4812, Det. Mike Fantroy, C0035, Det. Jorge Macias, 6813, ADA Christopher Prevost, ADA Amanda Levy, Honorable Abraham Clott, Arraignment Judge, in his official capacity, Honorable Neil E. Ross, Examin.**

Hearing Judge, in his official capacity, Honorable Edward McLaughin, Trial Judge, in his official capacity, Justice Mazzarelli, Appellate Division 1st Dept., in his official capacity, District Attorney Cyrus R. Vance, Jr., Ada Perez, Superintendent Downstate Correctional Facility, Defendants.*

No. 15–538.

United States Court of Appeals, Second Circuit.

March 11, 2016.

Samuel Blunt, Fishkill, NY, pro se.

No appearance,[1] for Defendants.

PRESENT: ROBERT A. KATZMANN, Chief Judge, RAYMOND J. LOHIER, JR., CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Appellant Samuel Blunt, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In May 2015, this Court granted Appellant *in forma pauperis* status, dismissed his appeal in part, and permitted him to

---

* The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

1. The defendants are not parties to this appeal because the district court dismissed Blunt's suit *sua sponte* before any of them were served. *See Boddie v. Alexander,* 356 Fed.Appx. 438, 439 n. 1 (2d Cir.2009) ("Because the District Court dismissed this action before service of process, the defendants listed in the complaint are not parties to this appeal.").

proceed on one issue: whether "the district court erred in dismissing [Appellant's] conditions of confinement claim without deciding whether that claim stated a claim for relief, and directing that he refile that claim in a separate complaint." Appellant has waived this issue because he does not argue it in his brief. *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (holding that claims not raised in a *pro se* brief were abandoned); *see also Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered all of Appellant's arguments and have found in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.